IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ONSTREAM MEDIA CORPORATION,

Plaintiff,

v.

VIDYO, INC.,

Defendant.

C.A. No. 22-69-RGA

**JURY TRIAL DEMANDED**

# VIDYO'S OPENING BRIEF IN SUPPORT OF ITS
## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

FISH & RICHARDSON P.C.
Jeremy D. Anderson (#4515)
222 Delaware Ave., 17th Floor
P.O. Box 1114
Wilmington, DE 19801
(302) 652-5070 Telephone
janderson@fr.com

Neil J. McNabnay
Michael Vincent
Nan Lan
1717 Main Street, Suite 5000
Dallas, TX 75201
(214) 747-5070 (Telephone)
mcnabnay@fr.com
vincent@fr.com
lan@fr.com

**ATTORNEYS FOR DEFENDANT
VIDYO, INC.**

Dated: February 9, 2022

## <u>TABLE OF CONTENTS</u>

<u>Page(s)</u>

I.      STAGE AND NATURE OF PROCEEDINGS ......................................................1

II.     SUMMARY OF THE ARGUMENT .................................................................1

III.    STATEMENT OF THE ISSUE....................................................................2

IV.     STATEMENT OF THE FACTS ...................................................................2

V.      ARGUMENT ...........................................................................................3

        A.      Legal Standard ..................................................................................3

                1.      This Case Should Be Disposed of at the Pleading Stage
                        Through Rule 12(b)(6)....................................................................3

                2.      The Law of 35 U.S.C. § 101. ..........................................................4

        B.      The Patents-in-Suit are Invalid under 35 U.S.C. § 101. ...........................6

                1.      Claim 1 of the '068 Patent is representative of the
                        Asserted Claims. ...........................................................................6

                2.      *Alice* Step 1: Claim 1 is directed to the abstract idea of
                        streaming and storing video over a network. .................................7

                3.      *Alice* Step 2: Claim 1 does not contain an inventive
                        concept sufficient to confer patent eligibility. ..............................13

                4.      There are no claim construction or factual disputes
                        preventing the Court from ruling on this issue at the Rule
                        12 stage. .....................................................................................15

VI.     CONCLUSION........................................................................................16

## **<u>TABLE OF AUTHORITIES</u>**

**<u>Page(s)</u>**

**Cases**

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
    134 S. Ct. 2347 (2014) ................................................................................ *passim*

*Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*,
    966 F.3d 1347 (Fed. Cir. 2020) (Chen, J., concurring) ............................................11

*Ancora Techs. v. HTC Am., Inc.*,
    908 F.3d 1343 (Fed. Cir. 2018) ...............................................................................12

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...................................................................................................4

*Bancorp Servs. L.L.C. v. Sun Life Assur. Co.*,
    687 F.3d 1266 (Fed. Cir. 2012) .................................................................................4

*Berkheimer v. HP Inc.*,
    881 F.3d 1360 (Fed. Cir. 2018) ...............................................................................15

*Bilski v. Kappos*,
    561 U.S. 593 (2010) ..............................................................................................4, 5

*BSG Tech LLC v. Buyseasons, Inc.*,
    899 F.3d 1281 (Fed. Cir. 2018) .................................................................................9

*Core Wireless Licensing S.A.R.L. v. LG Elec., Inc.*,
    880 F.3d 1356 (Fed. Cir. 2018) ...............................................................................11

*Cuvillier v. Taylor*,
    503 F.3d 397 (5th Cir. 2007) .....................................................................................4

*CyberSource Corp. v. Retail Decisions, Inc.*,
    654 F.3d 1366 (Fed. Cir. 2011) .................................................................................5

*Data Engine Techs. LLC v. Google LLC*,
    906 F.3d 999 (Fed. Cir. 2018) .................................................................................11

*Diamond v. Chakrabarty*,
    447 U.S. 303 (1980) ...................................................................................................4

*Diamond v. Diehr*,
    450 U.S. 175 (1981) ...................................................................................................5

*Elec. Power Grp., LLC v. Alstom S.A.*,
    830 F.3d 1350 (Fed. Cir. 2016)......................................................................................11, 14

*Ericsson Inc. v. TCL Commc'n Tech. Holdings Ltd.*,
    955 F.3d 1317 (Fed. Cir. 2020)............................................................................................13

*Finjan, Inc. v. Blue Coat System, Inc.*,
    879 F.3d 1299 (Fed. Cir. 2018)..........................................................................................8, 9

*Fort Props., Inc. v. Am. Master Lease LLC*,
    671 F.3d 1317 (Fed. Cir. 2012)..............................................................................................6

*Gibbs v. Coupe*,
    No. CV 14-790-SLR, 2015 WL 6870033 (D. Del. Nov. 6, 2015)...........................................4

*Mayo Collaborative Servs. v. Prometheus Labs., Inc.*,
    132 S. Ct. 1289 (2012)............................................................................................................5

*Parker v. Flook*,
    437 U.S. 584 (1978)...........................................................................................................5, 12

*RecogniCorp, LLC v. Nintendo Co., Ltd.*,
    855 F.3d 1322 (Fed. Cir. 2017)............................................................................................11

*SAP Am., Inc. v. InvestPic, LLC*,
    898 F.3d 1161 (Fed. Cir. 2018)..............................................................................................8

*Secured Mail Sols. LLC v. Universal Wilde, Inc.*,
    873 F.3d 905 (Fed. Cir. 2017)..............................................................................................13

*In re TLI Commc'ns LLC Patent Litigation*,
    823 F.3d 607 (Fed. Cir. 2016)..............................................................................................13

*Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*,
    874 F.3d 1329 (Fed. Cir. 2017)............................................................................................11

*Ultramercial, Inc. v. Hulu, LLC*,
    772 F.3d 709 (Fed. Cir. 2014) (Mayer, J., concurring)...........................................................4

*Victaulic Co. v. Tieman*,
    499 F.3d 227 (3rd Cir. 2007)..................................................................................................3

## Statutes

35 U.S.C. § 101 ................................................................................................................. *passim*

## Other Authorities

Fed. R. Civ. P. 12(b)(6)..........................................................................................2, 3, 6, 15

## I.  STAGE AND NATURE OF PROCEEDINGS

On January 18, 2022, Plaintiff Onstream Media Corporation ("Onstream") filed this lawsuit accusing Vidyo, Inc. ("Vidyo") of infringing U.S. Patent Nos. 9,161,068 (the "'068 Patent") (D.I.1, Ex. 1), 9,467,728 (the "'728 Patent") (D.I.1, Ex. 2), 10,038,930 (the "'930 Patent) (D.I.1, Ex. 3), 10,200,648 (the "'648 Patent") (D.I.1, Ex. 4), 10,674,109 (the "'109 Patent") (D.I.1, Ex. 5), 10,694,142 (the "'142 Patent") (D.I.1, Ex. 6), 10,951,855 (the "'855 Patent") (D.I.1, Ex. 7), and 11,128,833 (the "'833 Patent") (D.I.1, Ex. 8) (collectively the "Asserted Patents").

Onstream accuses Vidyo's Video Products and Services of infringing at least Claims 1, 18, 35, 48 of the '068 Patent (D.I.1, Ex. 1); Claims 1, 21 of the '728 Patent; Claims 1, 11 of the '930 Patent (D.I.1, Ex. 2); Claims 1, 18 of the '648 patent (D.I.1, Ex. 3); Claims 1, 2, 26 of the '109 Patent (D.I.1, Ex. 4); Claims 1, 20 of the '142 Patent (D.I.1, Ex. 6); Claims 1, 15, 27, 29 of the '185 Patent (D.I.1, Ex. 7); Claims 1, 10, 21 of the '833 Patent (D.I.1, Ex. 8) (collectively the "Asserted Claims"). Compl. (D.I. 1) ¶¶ 65, 80, 89, 96, 104, 114, 122, 135.

## II.  SUMMARY OF THE ARGUMENT

This case should be dismissed because the Asserted Patents claim nothing more than the abstract idea of streaming and storing video over a network, and the claims recite this abstract idea as a desired outcome without stating how to implement it. None of the claims contains a specific inventive hardware or software mechanism. Instead, the claims use only functional language like "delivering . . . browser-executable code," "initiate[] the streaming of audio and video material," and "providing access." *See, e.g.*, '068 Pat. (D.I.1, Ex. 1), Claim 1. Nothing in the claims discloses any inventive way to perform these functions. By only claiming the desired result—streaming and storing video over a network—without describing any specific non-

conventional method for doing so, the claims of the Asserted Patents fall short of claiming eligible subject matter under 35 U.S.C. § 101.

Resolving this issue does not require discovery or claim construction. To avoid waste of judicial and party resources unnecessarily litigating invalid patents, Defendants request that the Court dismiss Plaintiff's Complaint pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## III.   STATEMENT OF THE ISSUE

Abstract ideas are ineligible for patentability under 35 U.S.C. § 101, absent an inventive concept that amounts to significantly more than the abstract idea. The Asserted Claims are directed to the abstract idea of streaming and storing video over a network. The Asserted Patents do not include an inventive concept beyond that idea. The Court should therefore dismiss Onstream's claims pursuant to Rule 12(b)(6).

## IV.   STATEMENT OF THE FACTS

The '068 Patent is entitled "Remotely Accessed Virtual Recording Room." It relates to "[a]n audio/video stream recording, storage, and delivery system [that] utilizes an Internet-based browser connection." '068 Pat. (D.I.1, Ex. 1) at Abstract. The '068 Patent further recites that "[a] preferred embodiment provides an Internet-based recording system that performs all audio and video stream recording over an Internet browser connection established between a user front end and a host back end." *Id.* at 1:59–62. To put it simply, the recited method uses recording devices such as a "simple web camera and a microphone" in the user front end to capture fragments of audio and video material, then sends the fragments of material back to the "recording software 20 located at the host back end 60." *Id.* at 5:47–48, 60–62.  The host back end then "processes and records" the series of fragmented audio and video files, stores them as a complete video file (the "recorded file"), and provides access of the recorded file by generating a sharable code. *See*

*id.* at 5:61–6:3. Presumably, this recited system and/or method satisfies "a continuing need for an improved system and/or method [for online communications] that is simple, efficient, and does not have extensive computer system requirements." *Id.* at 1:45–50.

Critically, the '068 Patent fails to teach *how* each of the components achieve their desired goals with specificity. According to the specifications, a preferred embodiment of the system "includes recording software, storage memory, a user interface, and a code generator," all of which are generic components in a computer system. *Id.* at 1:66–67; 5:11–12. However, the '068 Patent only recites the function of each component at a very high level, without disclosing how such functions are achieved. For example, "the recording software 20 is located on the host back end 60 where it processes and records audio and video material." *Id.* at 5:60–62. "The storage memory […] stores the recorded audio and video material." *Id.* at 5:62–65. "[T]he code generator 40 produces code associated with the recorded audio and video material." *Id.* at 6:16–17. "[T]he recording software tracks the correlation between the images and the audio being recorded." *Id.* at 10:38–40. Consequently, the alleged invention claimed in the '068 Patent amounts to nothing more than using off-the-shelf components to stream and store video over a network.

## V.   ARGUMENT

### A.   Legal Standard

#### 1.   This Case Should Be Disposed of at the Pleading Stage Through Rule 12(b)(6).

Under Rule 12(b)(6), a party may move to dismiss a complaint that fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion, a complaint "must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234

(3rd Cir. 2007) (citation omitted). In deciding a Rule 12(b)(6) motion, courts consider documents attached to or incorporated into the complaint as well as facts alleged in the complaint. *Gibbs v. Coupe*, No. CV 14-790-SLR, 2015 WL 6870033, at *1 (D. Del. Nov. 6, 2015) (citation omitted). Although factual allegations are taken as true, legal conclusions are given no deference—those matters are left for the court to decide. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting tenet that allegations are taken as true on a motion to dismiss "is inapplicable to legal conclusions"). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief [as a matter of law], this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (internal citations and quotations omitted).

Patentability under 35 U.S.C. § 101 is a threshold legal issue. *Bilski v. Kappos*, 561 U.S. 593, 602 (2010). Accordingly, the § 101 inquiry is properly raised at the pleadings stage if it is apparent from the face of the patent that the asserted claims are not directed to eligible subject matter. *See Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 718-19 (Fed. Cir. 2014) (Mayer, J., concurring). In those situations, claim construction is not required to conduct a § 101 analysis. *Bancorp Servs. L.L.C. v. Sun Life Assur. Co.*, 687 F.3d 1266, 1273 (Fed. Cir. 2012) ("[W]e perceive no flaw in the notion that claim construction is not an inviolable prerequisite to a validity determination under § 101.").

## 2. The Law of 35 U.S.C. § 101.

Section 101 of the Patent Act sets forth four categories of patentable subject matter: "any new and useful process, machine, manufacture, or composition of matter." 35 U.S.C. § 101. Also, the law recognizes three exceptions to patent eligibility: "laws of nature, physical phenomena, and ***abstract ideas***." *Diamond v. Chakrabarty*, 447 U.S. 303, 308 (1980) (emphasis added). Abstract ideas are ineligible for patent protection because a monopoly over these ideas

would preempt their use in all fields. *See Bilski*, 561 U.S. at 611–12. In other words, "abstract intellectual concepts are not patentable, as they are the basic tools of scientific and technological work." *Id.* at 653 (quoting *Gottschalk v. Benson*, 409 U.S. 63, 67 (1972)).

Determining whether a patent claim is impermissibly directed to an abstract idea involves two steps. First, the court determines "whether the claims at issue are directed to a patent-ineligible concept." *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2355 (2014). Second, if the claim contains an abstract idea, the court evaluates whether there is "an 'inventive concept'—*i.e.*, an element or combination of elements that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the ineligible concept itself." *Id.* (internal quotations and citations omitted).

Transformation into a patent-eligible application requires "more than simply stating the abstract idea while adding the words 'apply it.'" *Id*. at 2357 (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289, 1294 (2012)). Indeed, if a claim could be performed in the human mind, or by a human using pen and paper, it is not patent-eligible. *CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1372 (Fed. Cir. 2011). Also, a claim is not meaningfully limited if it includes only token or insignificant pre- or post-solution activity—such as identifying a relevant audience, category of use, field of use, or technological environment. *Mayo*, 132 S. Ct. at 1297–98, 1300-01; *Bilski*, 561 U.S. at 610; *Diamond v. Diehr*, 450 U.S. 175, 191–92 & n.14 (1981); *Parker v. Flook*, 437 U.S. 584, 595 n.18 (1978). Neither is a claim directed to an improvement in computer functionality when it "(1) simply add[] conventional computer components to well-known business practices; […] or (4) recite generalized steps to be performed on a computer using conventional computer activity." *In re TLI Commc'ns Patent Litigation*, 823 F.3d 607, 612 (Fed. Cir. 2016). Finally, "simply appending conventional steps, specified at a high level of generality, to laws of nature, natural phenomena, and abstract ideas

cannot make those laws, phenomena, and ideas patentable." *Mayo*, 132 S. Ct. at 1300; *see also*

*Fort Props., Inc. v. Am. Master Lease LLC*, 671 F.3d 1317, 1323 (Fed. Cir. 2012) ("Such a broad

and general limitation does not impose meaningful limits on the claim's scope.").

### B.     The Patents-in-Suit are Invalid under 35 U.S.C. § 101.

Onstream's claims regarding the Asserted Patents should be dismissed. The Asserted

Claims are invalid under 35 U.S.C. § 101 because they fail both steps of the *Alice* test. Each of

the claims is directed to the abstract idea of streaming and storing video over a network. Abstract

ideas are not eligible for patenting. None of the claims contains an "'inventive concept' . . .

sufficient to ensure that the patent in practice amounts to **significantly more** than a patent upon

the ineligible concept itself." *See Alice*, 134 S. Ct. at 2355 (emphasis added). Because Onstream

has failed to state a claim upon which relief may be granted, Vidyo respectfully requests that the

Court grant its motion and dismiss this case with prejudice. Fed. R. Civ. P. 12(b)(6).

### 1.     Claim 1 of the '068 Patent is representative of the Asserted Claims.

Onstream admits that all of the Asserted Patents share the same specification and are

directed to the same purported solutions claimed by the '068 Patent (D.I.1, Ex. 1). *See, e.g.*,

Comp. ¶ 27 ("The specification of the '728 patent is the same as the '068 patent specification,

and solves the problems recited above and described in the '728 patent specification."); *id.* ¶ 33,

39, 45, 51, 57, 63 (similar). This is confirmed in Exhibit A, which demonstrates how Claim 1 of

the '068 Patent is representative of the claims.[1] *See, e.g.*, *Phoenix Licensing, L.L.C. v. Consumer*

*Cellular, Inc.*, 2:16-cv-152-JRG-RSP, 2017 WL 1065938, at *8–9 (E.D. Tex. Mar. 8, 2017)

(invalidating 974 claims after analyzing only a few "representative claims" where the other

---

[1] Where claims are "substantially similar and linked to the same abstract idea," courts may look
to representative claims in a § 101 analysis. *Content Extraction and Transmission LLC v. Wells
Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1348 (Fed. Cir. 2014).

claims were "substantially similar" and "linked to the same abstract idea."). In assessing whether this claim is directed to an abstract idea, the Court must look past the claim language for the purpose of the claim to determine what the invention is trying to achieve. *Morales v. Square, Inc.*, 75 F. Supp. 3d. 716, 725 (W.D. Tex. 2014), *aff'd*, 621 F. App'x 660 (Fed. Cir. 2015), *cert. denied*, 136 S. Ct. 1461 (2016). The Court my therefore decide the eligibility of all Asserted Claims based on Claim 1 of the '068 Patent.

## 2. *Alice* Step 1: Claim 1 is directed to the abstract idea of streaming and storing video over a network.

In determining patent eligibility under § 101, the Court must first determine whether the claims are directed to an abstract idea. *Alice*, 134 S. Ct. at 2355. Under any plausible reading, the Asserted Claims are directed to an unpatentable, abstract idea because they claim nothing more than the "longstanding," "routine," and "conventional" concept of streaming and storing video over a network. *See Alice*, 134 S. Ct. at 2356–59; *Bilski*, 561 U.S. at 611; *VideoShare LLC v. Google, Inc.*, Civil Action No. 13-cv-990 (GMS), 2016 U.S. Dist. LEXIS 100860, at *13 (Sleet, J.) (D. Del. 2016) (finding a claim directed to "preparing a video in streaming video format for sharing over a computer network" abstract), *aff'd*, 695 Fed. Appx. 577 (Fed. Cir. 2017); *In re TLI Commc'ns*, 823 F.3d at 611 (invalidating a claim because it is directed to "the abstract idea of classifying and storing digital images in an organized manner"); *Context Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1347 (Fed. Cir. 2014) (finding claims directed to "1) collecting data, 2) recognizing certain data within the collected data set, and 3) storing that recognized data in a memory" to be drawn to an abstract idea.).

All Claim 1 of the '068 Patent explains is a method to stream and store video over a network:

7

| Claim Language | Claimed Idea |
|---|---|
| 1. An Internet-based recording method for recording audio and video material over an Internet browser connection established between a user front end and a host back end, the method comprising: | A method of collecting audio and video recordings |
| delivering, from the host back end, browser-executable code over the Internet for use in an Internet browser, wherein the browser-executable code is a browser independent recording application wherein: | Software is sent to a first device |
| the browser-executable code is executed through the Internet browser at the user front end and initiates the streaming of audio and video material from a recording device on the user front end to the host back end over the Internet, and | The software initiates the streaming of audio and video material to a second device |
| the audio and video material is streamed over the Internet as it is being captured with the recording device, not as a complete video file on the user front end, without using any recording software installed on the user front end; | The audio and video material is streamed, not saved as a file |
| recording the audio and video material on the host back end and storing the recorded audio and video material as a complete video file, wherein recording is accomplished using only the Internet browser and the recording device; and | The second device saves the audio and video material as a file |
| providing access to the recorded audio and video material. | The file is accessible |

As seen above, the claim quickly reduces down to the bare idea of collecting audio and video material on a first device, sending this material to a second device, and saving the material to a file. This algorithmic manipulation of generic data is a concept that is ineligible for patenting.

The abstract idea inquiry begins by analyzing the "focus" of the claim, i.e., its "character as a whole," in order to determine whether the claim is directed to an abstract idea. *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1167 (Fed. Cir. 2018). For example, the Federal Circuit has explained that this Court should examine the patent's "'claimed advance' to determine whether the claims are directed to an abstract idea." *Finjan, Inc. v. Blue Coat System, Inc.*, 879 F.3d 1299, 1303 (Fed. Cir. 2018). "In cases involving software innovations, this inquiry often turns on

whether the claims focus on 'the specific asserted improvement in computer capabilities . . . or, instead, on a process that qualifies as an 'abstract idea' for which computers are invoked merely as a tool.'" *Id.* (quoting *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335–36 (Fed. Cir. 2016)); *see BSG Tech LLC v. Buyseasons, Inc.*, 899 F.3d 1281, 1285–86 (Fed. Cir. 2018).

In *VideoShare*, this Court invalidated two patents under 35 U.S.C. § 101 for "claiming an abstract idea without reciting additional limitations that amount to something 'significantly more' than the abstract concept itself." 2016 U.S. Dist. LEXIS 100860, at *7–8 (citing *Alice*, 134 S. Ct. at 2355). Specifically, this Court held that the two representative claims, which are highly similar to Claim 1 of the '068 Patent, are directed to the abstract idea of "preparing a video in streaming video format for sharing over a computer network." *Id.* at 13. This Court further found that the asserted claims in *VideoShare* are "not directed to an improvement in computer functionality, and the physical components of the claim merely provide a generic environment for carrying out the abstract idea," for example, "VideoShare did not invent the technology that converts video files into streaming format" outside of generic disclosures, and the ordered arrangement of the conventional features "provides no discernable benefits to computer functionality." *Id.* at *16–20.

Claim 1 of U.S. Pat. No. 8,438,608, which was invalidated in *VideoShare*, recites:

1. A method of streaming a video to users over a network, the method comprising the steps of:
receiving, by a receiving computer via a web page, a video file sent by a user on a
    second computer on a network;
executing, by the receiving computer, in response to receiving the video file, an
    automated function automatically performing each of:
    converting the video file into a streaming video file comprising a streaming
        video format, the video file being converted independent from receiving a
        command to perform such conversion from the user;
    generating an identification tag comprising a video frame image representing a
        subject matter of the streaming video file and identifying the streaming
        video file; and

> embedding the identification tag comprising the video frame image into a web page for serving the streaming video file to one or more users on one or more computers on the network.

Similar to the invalidated claim above, Claim 1 of the '068 Patent is not directed to any specific means or method for improving technology—it is instead directed to the abstract idea of streaming and storing video over a network. According to the specifications, a preferred embodiment of the system "includes recording software, storage memory, a user interface, and a code generator," all of which are generic components in a computer system. '068 Pat. (D.I.1, Ex. 1) at 1:66–67; 5:11–12. However, the '068 Patent only recites the function of each component at a very high level, without disclosing any specificities on how such functions are achieved. For example, "the recording software 20 is located on the host back end 60 where it processes and records audio and video material." *Id.* at 5:60–62. "The storage memory […] stores the recorded audio and video material." *Id.* at 5:62–65. "[T]he code generator 40 produces code associated with the recorded audio and video material." *Id.* at 6:16–17. "[T]he recording software tracks the correlation between the images and the audio being recorded." *Id.* at 10:38–40. Using generic software and hardware components to collect, send, and process files is a set of known steps, not an invention, and thus ineligible for patenting. *See, e.g. VideoShare LLC*, 2016 U.S. Dist. LEXIS at *13 ( "[a]t most, the claims merely automate a sequence of known steps using conventional technology so that a human is not burdened with various manual steps"); *see also Context Extraction*, 776 F.3d at 1347.

The functional nature of Claim 1's limitations further supports its abstractness. In determining whether a particular claim is directed to an abstract idea, courts have focused on whether the claim is purely functional in nature rather than containing the specificity necessary to recite how the claimed function is achieved. As Federal Circuit Judge Chen commented,

"while not all functional claiming is the same, simply reciting a functional result at the point of novelty poses serious risks under section 101." *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 966 F.3d 1347, 1356 (Fed. Cir. 2020) (Chen, J., concurring) (citations omitted). In the past, the Federal Circuit has directed courts to "look to whether the claims focus on a specific means or method, or are instead directed to a result or effect that itself is the abstract idea and merely invokes generic processes and machinery." *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1337 (Fed. Cir. 2017). Therefore, the question in such cases is "whether the claims are directed to 'a specific means or method' for improving technology or whether they are simply directed to an abstract end-result." *RecogniCorp, LLC v. Nintendo Co., Ltd.*, 855 F.3d 1322, 1326 (Fed. Cir. 2017).

Claim 1 of the '068 is directed to an abstract end-result. It lacks any of the specificity that the Federal Circuit has held is sufficient to confer patent eligibility. *Cf. Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999 (Fed. Cir. 2018) (holding eligible claims with the required specificity, but ineligible those without it); *Core Wireless Licensing S.A.R.L. v. LG Elec., Inc.,* 880 F.3d 1356, 1361–63 (Fed. Cir. 2018) (holding claims eligible where they were "directed to a **specific** improvement in the capabilities of computing devices") (emphasis added); *see also RecogniCorp*, 855 F.3d at 1326 (claims were ineligible because they were not directed to "a **specific** means or method for improving technology") (emphasis added). Claim 1 does not require a new or unconventional machine or process for streaming and storing video over a network; it instead recites functions such as "execut[ing]" "browser-executable code" and "providing access to the recorded audio and video material." "Inquiry therefore must turn to any requirements for *how* the desired result is achieved." *Elec. Power Grp., LLC v. Alstom S.A.,* 830 F.3d 1350, 1355 (Fed. Cir. 2016). But Claim 1 does not describe how any steps of the desired result, from being able to deliver and execute browser-executable code, to generating code to

share the recorded material, is achieved. In other words, the mechanism to implement the idea is impermissibly unbounded in scope.

Similar to the claim held invalid in *VideoShare*, Claim 1 also offers an "ordered arrangement of […] conventional features [that] provides no discernable benefits to computer functionality." 2016 U.S. Dist. LEXIS 100860 at *19–20. Claim 1 thus differs from the claims that the Federal Circuit has held to be eligible because they claimed specific means for improving specific computer technology or solving specific computer problems. For example, the Federal Circuit addressed the eligibility of claims directed to improving computer security in *Ancora Techs. v. HTC Am., Inc.*, 908 F.3d 1343 (Fed. Cir. 2018). In that case, the Federal Circuit held the claims eligible and stated, "Improving security—here, against a computer's unauthorized use of a program—can be a ***non-abstract*** computer-functionality improvement . . . done by a ***specific technique*** that departs from earlier approaches to solve a ***specific computer problem***." *Id.* at 1348 (emphasis added). The court was persuaded because "[t]he claimed method here specifically identifies how that functionality improvement is effectuated in an assertedly unexpected way." *Id.* The same is not true of Claim 1 of the '068 Patent. It does not require a specific and unconventional technique, and it does not identify any specific improvement to computer functionality, much less an unexpected way of effectuating such an improvement.

That Claim 1 is limited to a particular technological environment, such as creating a presentation on a website, does not alter this analysis. "Most obviously, limiting the claims to [a] particular technological environment . . . is, without more, insufficient to transform them into patent-eligible applications of the abstract idea at their core." *VideoShare*, 2016 U.S. Dist. LEXIS 100860, at *18. As the Supreme Court explained in *Alice, Parker v. Flook,* 437 U.S. 584 (1978) stands for the proposition that the prohibition on patenting abstract ideas cannot be

12

circumvented by attempting to limit the use of the idea to a particular technological environment. *Alice,* 134 S. Ct. at 2358. Claim 1 is directed to an abstract idea even if its limitations require practicing that idea on a browser.

Further, while Claim 1 may use technical jargon, that does not mean it teaches a technical solution. *See Ericsson Inc. v. TCL Commc'n Tech. Holdings Ltd.*, 955 F.3d 1317, 1326 (Fed. Cir. 2020) ("Although written in technical jargon, a close analysis of the claims reveals that they require nothing more than this abstract idea."). And even if the Asserted Patents were directed to a useful idea, a patent is still invalid for lack of subject-matter eligibility when it teaches a useful abstract idea. *See Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 910 (Fed. Cir. 2017) ("The fact that an [idea] can be used to make a process more efficient, however, does not necessarily render an abstract idea less abstract.").

Essentially, the claimed advance is the abstract concept of streaming and storing video over a network. This concept is an abstract idea, not an invention, and the desire for the concept to be accomplished efficiently, without more, does not confer eligibility. Accordingly, the independent Claim 1 fails the first step of the *Alice* analysis.

### 3.    *Alice* Step 2: Claim 1 does not contain an inventive concept sufficient to confer patent eligibility.

Claim 1 of the '068 Patent is implemented on generic computer technology and therefore does not contain an inventive concept sufficient to confer eligibility. There is simply nothing "inventive" about using existing off-the-shelf components and well-known tools to stream and store video over a network. As explained above, the abstract functional description in Claim 1 is devoid of any technical explanation as to how to implement the purported invention in an inventive way. *See In re TLI Commc'ns*, 823 F.3d 615 (claims failed *Alice*'s step 2 where specification limited its discussion of "additional functionality" of conventional components "to

13

abstract functional descriptions devoid of technical explanation as to how to implement the invention"). Similar to the invalidated claims in *VideoShare, LLC*, nothing in Claim 1 "contains an 'inventive concept' sufficient to 'transform' the claimed abstract idea into a patent-eligible application." 2016 U.S. Dist. LEXIS 100860, at *24 (citing *OIP Techs. Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1364 (Fed. Cir. 2015)).

Courts have repeatedly held that the presence of generic hardware and software like the kind recited in Claim 1 does not make an otherwise abstract idea patent-eligible. *See, e.g., Affinity Labs,* 838 F.3d at 1263 (finding that claims are ineligible under *Alice* Step two where the allegedly inventive concept was "not the essential advance," was only described functionally, and where there was "no further specification of a particular technology for accomplishing the allegedly inventive concept.") Claim 1 only requires using generic software components such as "browser-executable code" and "browser independent recording application." It failed to disclose how the code and the application are constructed, or how they advanced the underlying technology. In other words, "nothing in the claims, understood in light of the specification, requires anything other than off-the-shelf, conventional computer . . . technology." *Elec. Power Grp.*, 830 F.3d at 1355; *VideoShare*, 2016 U.S. Dist. LEXIS 100860 at *26. There is thus no limitation that could be considered an inventive concept under step two of the *Alice* test.

Finally, the dependent claims of the '068 Patent add additional limitations regarding the abstract idea, but they do not include the specificity necessary to claim patent-eligible subject matter. For example, Claim 2 includes an additional limitation of "enabling recorded audio and video material on the host back end to be reviewed at the user front end," Claim 3 includes an additional limitation of "enabling recorded audio and video material on the host back end to be re-recorded from the user front end.," and Claim 4 includes an additional step of "linking the recorded audio and video material at the host back end to a pointer that is placed at an additional

location, wherein activating the pointer provides access to the recorded audio and video material at the host back end." Similar to independent Claim 1, these dependent claims do not include anything other than conventional, well-known functions such that they fail to contain an inventive concept. Accordingly, the dependent claims suffer from the same flaws as Claim 1, despite their additional limitations. The dependent claims also do not contain any inventive concept amounting to "significantly more" than the abstract idea. They do not inject any unconventional computer components or techniques. Accordingly, the dependent claims also fail both steps of the *Alice* test and should be found ineligible.

### 4.      There are no claim construction or factual disputes preventing the Court from ruling on this issue at the Rule 12 stage.

The issue of the patent eligibility of the Asserted Patents is ripe for the Court's consideration. There are no claim construction issues affecting the *Alice* analysis, as Onstream has not proposed any constructions of the patent terms that would alter the ineligibility of the claims. Additionally, there are no factual disputes on this record. The Asserted Patents do not assert any unconventional mechanism of implementing the claimed idea of streaming and storing video over a network.

This case is thus unlike *Berkheimer*, where the Federal Circuit noted that the specification explicitly "describe[d] an inventive feature that store[d] parsed data in a purportedly unconventional manner." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1369 (Fed. Cir. 2018). The Federal Circuit then examined whether the improvements described in the specification were included in the claims. For those claims where the inventive feature in the specification was "captured in the claims," the Federal Circuit found a "factual dispute regarding whether the invention describe[d] well-understood, routine, and conventional activities." *Id*. But where the claims did not recite the purportedly inventive features described in the specification, the Federal

Circuit concluded that they were directed to patent ineligible subject matter under § 101. *Id.* Here, in contrast, neither the claims nor the specification describes any unconventional components or the use of generic components in some unconventional manner. Accordingly, this issue is ripe for the Court's consideration, and the Asserted Patents should be found invalid for failing to claim patent-eligible subject matter.

## VI.    CONCLUSION

For the foregoing reasons, Vidyo respectfully requests that the Court dismiss Onstream's Complaint for failure to state a claim upon which relief can be granted. Because leave to amend would be futile, Vidyo requests dismissal with prejudice.

Dated: February 10, 2022                     FISH & RICHARDSON P.C.

By: */s/ Jeremy D. Anderson*
Jeremy D. Anderson (#4515)
222 Delaware Avenue, 17th Floor
Wilmington, Delaware 19801
(302) 652-5070 (Telephone)
janderson@fr.com

Neil J. McNabnay
Michael Vincent
Nan Lan
1717 Main Street, Suite 5000
Dallas, Texas 19001
(214) 747-5070 (Telephone)
mcnabnay@fr.com;
vincent@fr.com
lan@fr.com

ATTORNEYS FOR DEFENDANT
VIDYO, INC.