IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ONSTREAM MEDIA CORPORATION,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>VIDYO, INC.,<br><br>　　　　　　　　　Defendant. | C.A. No. 22-69-RGA<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT VIDYO, INC.'S ANSWER, AFFIRMATIVE
## DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendant Vidyo, Inc. ("Vidyo") hereby files its Answer, Affirmative Defenses, and Counterclaims to Plaintiff Onstream Media Corporation ("Plaintiff's") Complaint ("Complaint"). Vidyo denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.

### NATURE OF THE ACTION

1.　　　Vidyo admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 1, et seq. Vidyo denies it has committed or is committing any act of patent infringement.

### PARTIES

2.　　　Vidyo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, on that basis, denies all such allegations.

3.　　　Video denies its headquarters is at 433 Hackensack Avenue, Hackensack, New Jersey 07601.

4.　　　Vidyo admits that it is a corporation organized and existing under the laws of Delaware with a registered agent at Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808

## JURISDICTION AND VENUE

5.      Vidyo admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Vidyo denies it has committed or is committing any act of patent infringement.

6.      Vidyo does not contest that the Court has personal jurisdiction over it in this case. Vidyo admits that it is incorporated in the State of Delaware. Vidyo denies it has committed or is committing acts of infringement within this district or elsewhere and, on that basis, denies the remaining allegations of Paragraph 6 of the Complaint.

7.      Vidyo admits that it offers products in this District. Vidyo denies it has committed or is committing acts of infringement within this district or elsewhere and, on that basis, denies the remaining allegations of Paragraph 7 of the Complaint.

8.      Vidyo admits that it offers products in this District. Vidyo denies it has committed or is committing acts of infringement within this district or elsewhere and, on that basis, denies the remaining allegations of Paragraph 8 of the Complaint.

9.      Vidyo denies the allegations in Paragraph 9 of the Complaint.

10.      Vidyo does not contest that the Court has personal jurisdiction over it in this case. Vidyo denies it has committed or is committing acts of infringement within this district or elsewhere and, on that basis, denies the remaining allegations of Paragraph 10 of the Complaint.

11.      Vidyo does not contest that the Court has personal jurisdiction over it in this case. Vidyo denies it has committed or is committing acts of infringement within this district or elsewhere and, on that basis, denies the remaining allegations of Paragraph 11 of the Complaint.

12.      Vidyo does not contest that venue is proper in this case, but denies that venue is convenient. Vidyo denies any remaining allegations on Paragraph 12 of the Complaint.

**U.S. PATENT NO. 9,161,068**

13.     Vidyo admits that the '068 Patent speaks for itself. Vidyo is without knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in Paragraph 13 of the Complaint and, on that basis, denies all such allegations.

14.     Vidyo denies the allegations in Paragraph 14 of the Complaint.

15.     Vidyo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and, on that basis, denies all such allegations.

16.     Vidyo denies the allegations in Paragraph 16 of the Complaint.

17.     Vidyo denies the allegations in Paragraph 17 of the Complaint.

18.     Vidyo admits that the '068 Patent speaks for itself. Vidyo is without knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in Paragraph 18 of the Complaint and, on that basis, denies all such allegations.

19.     Vidyo admits that the '068 Patent speaks for itself. Vidyo is without knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in Paragraph 19 of the Complaint and, on that basis, denies all such allegations.

20.     Vidyo admits that the '068 Patent speaks for itself. Vidyo is without knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in Paragraph 20 of the Complaint and, on that basis, denies all such allegations.

21.     Vidyo denies the allegations in Paragraph 21 of the Complaint

**U.S. PATENT NO. 9,467,728**

22.     Vidyo admits that the '728 Patent speaks for itself. Vidyo is without knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in Paragraph 22 of the Complaint and, on that basis, denies all such allegations.

23.     Vidyo denies the allegations in Paragraph 23 of the Complaint.

24.     Vidyo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and, on that basis, denies all such allegations.

25.     Vidyo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and, on that basis, denies all such allegations.

26.     Vidyo denies the allegations in Paragraph 26 of the Complaint.

27.     Vidyo admits that the '728 Patent speaks for itself. Vidyo is without knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in Paragraph 27 of the Complaint and, on that basis, denies all such allegations.

**U.S. PATENT NO. 10,038,930**

28.     Vidyo admits that the '930 Patent speaks for itself. Vidyo is without knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in Paragraph 28 of the Complaint and, on that basis, denies all such allegations.

29.     Vidyo denies the allegations in Paragraph 29 of the Complaint.

30.     Vidyo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and, on that basis, denies all such allegations.

31.     Vidyo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and, on that basis, denies all such allegations.

32.     Vidyo denies the allegations in Paragraph 32 of the Complaint.

33.     Vidyo admits that the '728 Patent speaks for itself. Vidyo is without knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in Paragraph 33 of the Complaint and, on that basis, denies all such allegations.

## US PATENT NO. 10,200,648

34.      Vidyo admits that the '648 Patent speaks for itself. Vidyo is without knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in Paragraph 34 of the Complaint and, on that basis, denies all such allegations.

35.      Vidyo denies the allegations in Paragraph 35 of the Complaint.

36.      Vidyo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and, on that basis, denies all such allegations.

37.      Vidyo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint and, on that basis, denies all such allegations.

38.      Vidyo denies the allegations in Paragraph 38 of the Complaint.

39.      Vidyo admits that the '648 Patent speaks for itself. Vidyo is without knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in Paragraph 39 of the Complaint and, on that basis, denies all such allegations.

## U.S. PATENT NO. 10,674,109

40.      Vidyo admits that the '109 Patent speaks for itself. Vidyo is without knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in Paragraph 40 of the Complaint and, on that basis, denies all such allegations.

41.      Vidyo denies the allegations in Paragraph 41 of the Complaint.

42.      Vidyo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint and, on that basis, denies all such allegations.

43.      Vidyo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and, on that basis, denies all such allegations.

44.      Vidyo denies the allegations in Paragraph 44 of the Complaint.

45.     Vidyo admits that the '109 Patent speaks for itself. Vidyo is without knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in Paragraph 45 of the Complaint and, on that basis, denies all such allegations.

## U.S. PATENT NO. 10,694,142

46.     Vidyo admits that the '142 Patent speaks for itself. Vidyo is without knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in Paragraph 46 of the Complaint and, on that basis, denies all such allegations.

47.     Vidyo denies the allegations in Paragraph 47 of the Complaint.

48.     Vidyo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint and, on that basis, denies all such allegations.

49.     Vidyo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint and, on that basis, denies all such allegations.

50.     Vidyo denies the allegations in Paragraph 50 of the Complaint.

51.     Vidyo admits that the '648 Patent speaks for itself. Vidyo is without knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in Paragraph 51 of the Complaint and, on that basis, denies all such allegations.

## U.S. PATENT NO. 10,951,855

52.      Vidyo admits that the '855 Patent speaks for itself. Vidyo is without knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in Paragraph 52 of the Complaint and, on that basis, denies all such allegations.

53.     Vidyo denies the allegations in Paragraph 53 of the Complaint.

54.     Vidyo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint and, on that basis, denies all such allegations.

55.     Vidyo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint and, on that basis, denies all such allegations.

56.     Vidyo denies the allegations in Paragraph 56 of the Complaint.

57.     Vidyo admits that the '855 Patent speaks for itself. Vidyo is without knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in Paragraph 57 of the Complaint and, on that basis, denies all such allegations

### U.S. PATENT NO. 11,128,833

58.      Vidyo admits that the '833 Patent speaks for itself. Vidyo is without knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in Paragraph 58 of the Complaint and, on that basis, denies all such allegations.

59.     Vidyo denies the allegations in Paragraph 59 of the Complaint.

60.     Vidyo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint and, on that basis, denies all such allegations.

61.     Vidyo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint and, on that basis, denies all such allegations.

62.     Vidyo denies the allegations in Paragraph 62 of the Complaint.

63.     Vidyo admits that the '833 Patent speaks for itself. Vidyo is without knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in Paragraph 63 of the Complaint and, on that basis, denies all such allegations

### CLAIMS FOR RELIEF

### COUNT I – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 9,161,068

64.     Vidyo incorporates the preceding paragraphs herein by reference.

65.     Vidyo denies the allegations in Paragraph 65 of the Complaint.

66.     Vidyo denies the allegations in Paragraph 66 of the Complaint.

67.     Vidyo denies the allegations in Paragraph 67 of the Complaint.

68.     Vidyo denies the allegations in Paragraph 68 of the Complaint.

69.     Vidyo denies the allegations in Paragraph 69 of the Complaint.

70.     Vidyo denies the allegations in Paragraph 70 of the Complaint.

71.     Vidyo denies the allegations in Paragraph 71 of the Complaint.

72.     Vidyo denies the allegations in Paragraph 72 of the Complaint.

73.     Vidyo denies the allegations in Paragraph 73 of the Complaint.

74.     Vidyo denies the allegations in Paragraph 74 of the Complaint.

75.     Vidyo denies the allegations in Paragraph 75 of the Complaint.

76.     Vidyo denies the allegations in Paragraph 76 of the Complaint.

77.     Vidyo denies the allegations in Paragraph 77 of the Complaint.

78.     Vidyo denies the allegations in Paragraph 78 of the Complaint.

**COUNT II – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 9,467,728**

79.     Vidyo incorporates the preceding paragraphs herein by reference.

80.     Vidyo denies the allegations in Paragraph 80 of the Complaint.

81.     Vidyo denies the allegations in Paragraph 81 of the Complaint.

82.     Vidyo denies the allegations in Paragraph 82 of the Complaint.

83.     Vidyo denies the allegations in Paragraph 83 of the Complaint.

84.     Vidyo denies the allegations in Paragraph 84 of the Complaint.

85.     Vidyo denies the allegations in Paragraph 85 of the Complaint.

86.     Vidyo denies the allegations in Paragraph 86 of the Complaint.

87.     Vidyo denies the allegations in Paragraph 87 of the Complaint.

**COUNT III – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 10,038,930**

88.     Vidyo incorporates the preceding paragraphs herein by reference.

89.     Vidyo denies the allegations in Paragraph 89 of the Complaint.

90.     Vidyo denies the allegations in Paragraph 90 of the Complaint.

91.     Vidyo denies the allegations in Paragraph 91 of the Complaint.

92.     Vidyo denies the allegations in Paragraph 92 of the Complaint.

93.     Vidyo denies the allegations in Paragraph 93 of the Complaint.

94.     Vidyo denies the allegations in Paragraph 94 of the Complaint.

**COUNT IV – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 10,200,648**

95.     Vidyo incorporates the preceding paragraphs herein by reference.

96.     Vidyo denies the allegations in Paragraph 96 of the Complaint.

97.     Vidyo denies the allegations in Paragraph 97 of the Complaint.

98.     Vidyo denies the allegations in Paragraph 98 of the Complaint.

99.     Vidyo denies the allegations in Paragraph 99 of the Complaint.

100.    Vidyo denies the allegations in Paragraph 100 of the Complaint.

101.    Vidyo denies the allegations in Paragraph 101 of the Complaint.

102.    Vidyo denies the allegations in Paragraph 102 of the Complaint.

**COUNT V – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 10,674,109**

103.    Vidyo incorporates the preceding paragraphs herein by reference.

104.    Vidyo denies the allegations in Paragraph 104 of the Complaint.

105.    Vidyo denies the allegations in Paragraph 105 of the Complaint.

106.    Vidyo denies the allegations in Paragraph 106 of the Complaint.

107.    Vidyo denies the allegations in Paragraph 107 of the Complaint.

108.    Vidyo denies the allegations in Paragraph 108 of the Complaint.

109.    Vidyo denies the allegations in Paragraph 109 of the Complaint.

110.    Vidyo denies the allegations in Paragraph 110 of the Complaint.

111.    Vidyo denies the allegations in Paragraph 111 of the Complaint.

112.    Vidyo denies the allegations in Paragraph 112 of the Complaint.

**COUNT VI – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 10,694,142**

113.    Vidyo incorporates the preceding paragraphs herein by reference.

114.    Vidyo denies the allegations in Paragraph 114 of the Complaint.

115.    Vidyo denies the allegations in Paragraph 115 of the Complaint.

116.    Vidyo denies the allegations in Paragraph 116 of the Complaint.

117.    Vidyo denies the allegations in Paragraph 117 of the Complaint.

118.    Vidyo denies the allegations in Paragraph 118 of the Complaint.

119.    Vidyo denies the allegations in Paragraph 119 of the Complaint.

120.    Vidyo denies the allegations in Paragraph 120 of the Complaint.

**COUNT VII – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 10,951,855**

121.    Vidyo incorporates the preceding paragraphs herein by reference.

122.    Vidyo denies the allegations in Paragraph 122 of the Complaint.

123.    Vidyo denies the allegations in Paragraph 123 of the Complaint.

124.    Vidyo denies the allegations in Paragraph 124 of the Complaint.

125.    Vidyo denies the allegations in Paragraph 125 of the Complaint.

126.    Vidyo denies the allegations in Paragraph 126 of the Complaint.

127.    Vidyo denies the allegations in Paragraph 127 of the Complaint.

128.    Vidyo denies the allegations in Paragraph 128 of the Complaint.

129.    Vidyo denies the allegations in Paragraph 129 of the Complaint.

130.    Vidyo denies the allegations in Paragraph 130 of the Complaint.

131.    Vidyo denies the allegations in Paragraph 131 of the Complaint.

132.    Vidyo denies the allegations in Paragraph 132 of the Complaint.

133.    Vidyo denies the allegations in Paragraph 133 of the Complaint.

**COUNT VIII – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 11,128,833**

134.    Vidyo incorporates the preceding paragraphs herein by reference.

135.    Vidyo denies the allegations in Paragraph 135 of the Complaint.

136.    Vidyo denies the allegations in Paragraph 136 of the Complaint.

137.    Vidyo denies the allegations in Paragraph 137 of the Complaint.

138.    Vidyo denies the allegations in Paragraph 138 of the Complaint.

139.    Vidyo denies the allegations in Paragraph 139 of the Complaint.

140.    Vidyo denies the allegations in Paragraph 140 of the Complaint.

141.    Vidyo denies the allegations in Paragraph 141 of the Complaint.

142.    Vidyo denies the allegations in Paragraph 142 of the Complaint.

143.    Vidyo denies the allegations in Paragraph 143 of the Complaint.

144.    Vidyo denies the allegations in Paragraph 144 of the Complaint.

**JURY DEMAND**

145.    Vidyo is not required to respond to Plaintiff's demand for a jury trial.

**PRAYER FOR RELIEF**

146.    To the extent that a response is required to Plaintiff's prayer for relief, Vidyo denies that Plaintiff is entitled to any judgment against Vidyo and/or an order granting relief in any of the forms requested in parts a-I.

**AFFIRMATIVE DEFENSES**

Vidyo's Affirmative Defenses are listed below. Vidyo reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

Vidyo has not infringed and does not infringe, either directly or indirectly, under any theory of infringement, any valid, enforceable claim of U.S. Patent Nos. 9,161,068 (the "'068 Patent"); 9,467,728 (the "'728 Patent"); 10,038,930 (the "'930 Patent"); 10,200,648 (the "'648 Patent"); 10,674,109 (the "'109 Patent"); 10,694,142 (the "'142 Patent"); 10,951,855 (the "'855 Patent"); or 11,128,833 (the "'833 Patent") (collectively, the "Asserted Patents").

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the Asserted Patents is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff, any predecessors in interest, or any licensees to the Asserted Patents failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Vidyo's actions allegedly infringe the Asserted Patents, Vidyo is not liable to Plaintiff for the acts alleged to have been performed before Vidyo received actual notice that it was allegedly infringing the Asserted Patents.

## FOURTH AFFIRMATIVE DEFENSE

The claims of the Asserted Patents are not entitled to a scope sufficient to encompass any system employed or process practiced by Vidyo.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's attempted enforcement of the Asserted Patents is barred by one or more of the equitable doctrines of estoppel, acquiescence, waiver, and unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that Vidyo infringes, either directly or indirectly, under any theory of infringement, any valid and enforceable claim of the Asserted Patents.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering its reasonable attorneys' fees, costs, and/or increased damages under 35 U.S.C. §§ 284 or 285.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that Vidyo indirectly infringes, either by contributory infringement or induced infringement, Vidyo is not liable to Plaintiff for the acts alleged to have been performed before Vidyo knew that its actions would cause indirect infringement.

## NINTH FIRST AFFIRMATIVE DEFENSE

Should Vidyo be found to infringe any valid, enforceable claim of the Asserted Patents, such infringement was not willful.

## VIDYO'S COUNTERCLAIMS

For its counterclaims against Counterclaim Defendant Onstream Media Corporation ("Counterclaim Defendant"), Counterclaim Plaintiff Vidyo, Inc. ("Vidyo") alleges as follows:

## PARTIES

1.      Vidyo is a corporation organized and existing under the laws of the State of Delaware with its headquarters at 216 Route 17 North, Suite 301, Rochelle Park, NJ 07662.

2.      Upon information and belief based solely on Paragraph 2 of the Complaint as pled by Counterclaim Defendant, Counterclaim Defendant is a Florida corporation having an address at 1451 W. Cypress Creek Road, No. 204, Ft. Lauderdale, Florida 33309.

## JURISDICTION

3.    Vidyo incorporates by reference Paragraphs 1–2 above.

4.    These counterclaims arise under the patent laws of the United States, Title 35 of the United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 et seq., and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5.    Based solely on Counterclaim Defendant's filing of this action, Counterclaim Defendant has consented to the personal jurisdiction of this Court.

6.    Based solely on Counterclaim Defendant's filing of this action, venue is proper, though not necessarily convenient, in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I

## DECLARATION REGARDING NON-INFRINGEMENT OF THE '068 PATENT

7.    Vidyo incorporates by reference Paragraphs 1–6 above.

8.    Based on Counterclaim Defendant's filing of this action and at least Vidyo's First Affirmative Defense, an actual controversy has arisen and now exists between the parties as to whether Vidyo infringes the '068 Patent.

9.    Vidyo does not infringe at least Claim 1 of the '068 Patent because, *inter alia*, Plaintiff has not stated a plausible allegation that any system employed by Vidyo practices: "[a]n Internet-based recording method for recording audio and video material over an Internet browser connection established between a user front end and a host back end," "delivering, from the host back end, browser-executable code over the Internet for use in an Internet browser, wherein the browser-executable code is a browser independent recording application wherein: the browser-executable code is executed through the Internet browser at the user front end and initiates the streaming of audio and video material from a recording device on the user front end to the host

back end over the Internet, and the audio and video material is streamed over the Internet as it is being captured with the recording device, not as a complete video file on the user front end, without using any recording software installed on the user front end," "recording the audio and video material on the host back end and storing the recorded audio and video material as a complete video file, wherein recording is accomplished using only the Internet browser and the recording device," and "providing access to the recorded audio and video material."

10.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Vidyo requests a declaration by the Court that Vidyo has not infringed and does not infringe, either directly or indirectly, under any theory of infringement, any claim of the '068 Patent.

## COUNT II

## DECLARATION REGARDING NON-INFRINGEMENT OF THE '728 PATENT

11.     Vidyo incorporates by reference Paragraphs 1–10 above.

12.     Based on Counterclaim Defendant's filing of this action and at least Vidyo's First Affirmative Defense, an actual controversy has arisen and now exists between the parties as to whether Vidyo infringes the '728 Patent.

13.     Vidyo does not infringe at least Claim 1 of the '728 Patent because, *inter alia*, Plaintiff has not stated a plausible allegation that any system employed by Vidyo practices: "[a]n Internet-based recording method for recording audio and video material over an Internet connection established between a user front end and a host back end, the method comprising: transmitting, to the user front end from the host back end via a network, a platform-independent web application, wherein the web application initiates the streaming of audio and video material from a receiving device on the user front end to the host back end as it is being captured with the receiving device," "recording the audio and video material on the host back end via the web application and storing the recorded audio and video material as a complete video file,"

"generating code associated with the recorded and stored audio and video material to facilitate accessing the recorded and stored audio and video material from an additional location, wherein the content of the generated code depends on a type of code supported by the additional location;" and "enabling the generated code to be copied and pasted to the additional location, wherein activating the generated code provides access to the recorded audio and video material from the additional location."

14.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Vidyo requests a declaration by the Court that Vidyo has not infringed and does not infringe, either directly or indirectly, under any theory of infringement, any claim of the '728 Patent.

## COUNT III

## DECLARATION REGARDING NON-INFRINGEMENT OF THE '930 PATENT

15.     Vidyo incorporates by reference Paragraphs 1-14 above.

16.     Based on Counterclaim Defendant's filing of this action and at least Vidyo's First Affirmative Defense, an actual controversy has arisen and now exists between the parties as to whether Vidyo infringes the '930 Patent.

17.     Vidyo does not infringe at least Claim 1 of the '930 Patent because, among other things, Plaintiff has not stated a plausible allegation that any system employed by Vidyo practices: "transmitting, via a network, a browser-independent recording application from a backend server to a client device, the browser-independent recording application executing in a browser on the client device," "receiving, at the backend server, a media stream from a media input at the client device via the network, wherein the media stream is captured via the browser-independent recording application executing in the browser without using recording management software installed on the client device," and "recording the media stream on the backend server using the browser-independent recording application."

18.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Vidyo requests a declaration by the Court that Vidyo has not infringed and does not infringe, either directly or indirectly, under any theory of infringement, any claim of the '930 Patent.

**COUNT IV**

**DECLARATION REGARDING NON-INFRINGEMENT OF THE '648 PATENT**

19.     Vidyo incorporates by reference Paragraphs 1-18 above.

20.     Based on Counterclaim Defendant's filing of this action and at least Vidyo's First Affirmative Defense, an actual controversy has arisen and now exists between the parties as to whether Vidyo infringes the '648 Patent.

21.     Vidyo does not infringe at least Claim 1 of the '648 Patent because, among other things, Plaintiff has not stated a plausible allegation that any system employed by Vidyo practices: "[a]n Internet-based recording method that performs all audio and video recording functions over an Internet browser connection established between a user front end and a host back end, the method comprising: recording audio and video material over the Internet browser connection, wherein audio and video material originates on the user front end and is recorded on the host back end without requiring recording functionality on the user front end," "storing the recorded audio and video material on the host back end," "generating code associated with the recorded and stored audio and video material to facilitate accessing the recorded and stored audio and video material," and "enabling the generated code to be copied and pasted to an additional location, wherein activating the generated code provides access to the recorded audio and video material from the additional location."

22.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Vidyo requests a declaration by the Court that Vidyo has not infringed and does not infringe, either directly or indirectly, under any theory of infringement, any claim of the '648 Patent.

## COUNT V

## DECLARATION REGARDING NON-INFRINGEMENT OF THE '109 PATENT

23.     Vidyo incorporates by reference Paragraphs 1-22 above.

24.     Based on Counterclaim Defendant's filing of this action and at least Vidyo's First Affirmative Defense, an actual controversy has arisen and now exists between the parties as to whether Vidyo infringes the '109 Patent.

25.     Vidyo does not infringe at least Claim 1 of the '109 Patent because, among other things, Plaintiff has not stated a plausible allegation that any system employed by Vidyo practices: "transmitting, via a network, a browser-independent recording application from a backend server to a client device, the application executing in a browser on the client device," "receiving, at the backend server, a media stream at the client device via the network, wherein the media stream is captured via the browser-independent recording application executing in the browser without using recording management software installed on the client device," and "recording the media stream on the backend server using the browser-independent recording application."

26.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Vidyo requests a declaration by the Court that Vidyo has not infringed and does not infringe, either directly or indirectly, under any theory of infringement, any claim of the '109 Patent.

## COUNT VI

## DECLARATION REGARDING NON-INFRINGEMENT OF THE '142 PATENT

27.     Vidyo incorporates by reference Paragraphs 1-26 above.

28.     Based on Counterclaim Defendant's filing of this action and at least Vidyo's First Affirmative Defense, an actual controversy has arisen and now exists between the parties as to whether Vidyo infringes the '142 Patent.

29.     Vidyo does not infringe at least Claim 1 of the '142 Patent because, among other things, Plaintiff has not stated a plausible allegation that any system employed by Vidyo practices: "[a] method for recording audio and video material over an Internet connection established between a user front end and a host back end, the method comprising: delivering, in response to a user interaction, a first code from the host back end over an Internet connection each time recording of audio and video material is sought to be initiated; said first code configured to be executed at the user front end and to initiate the streaming of audio and video material as it is being captured by one or more capturing devices at the user front end to the host back end, wherein said first code is not installed at the user front end," "streaming the audio and video material, as it is being captured by said one or more capturing devices, from the user front end to the host back end," and "recording on the host back end the audio and video material streamed over the Internet connection."

30.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Vidyo requests a declaration by the Court that Vidyo has not infringed and does not infringe, either directly or indirectly, under any theory of infringement, any claim of the '142 Patent.

## COUNT VII

## DECLARATION REGARDING NON-INFRINGEMENT OF THE '855 PATENT

31.     Vidyo incorporates by reference Paragraphs 1-30 above.

32.     Based on Counterclaim Defendant's filing of this action and at least Vidyo's First Affirmative Defense, an actual controversy has arisen and now exists between the parties as to whether Vidyo infringes the '855 Patent.

33.     Vidyo does not infringe at least Claim 1 of the '855 Patent because, among other things, Plaintiff has not stated a plausible allegation that any system employed by Vidyo practices: "[a] secure distributed digital audio and digital video recording system, comprising: an

application configured to operate on a mobile front end digital audio and digital video capturing device," "a host back end application server system comprising one or more host back end application servers, wherein in response to an interaction with a user, the host back end application server system delivers to the application, each time recording of digital audio and digital video material is sought to be initiated, a stream number that is associated with an account of the user," "wherein the application is configured to use the stream number to initiate secure streaming of digital audio and digital video material to the host back end application server system," "wherein the digital audio and digital video material is not stored as a complete file on the mobile front end digital audio and digital video capturing device prior to initiation of the secure streaming of the digital audio and digital video material to the host back end application server system," "wherein the application is configured to use a secure real time messaging protocol to securely stream the digital audio and digital video material from the mobile front end digital audio and digital video capturing device over at least a packet-based network connection to the host back end application server system, as the digital audio and digital video material is being captured by the mobile front end digital audio and digital video capturing device," "wherein the application is capable of securely streaming the digital audio and digital video material without requiring local installation and concurrent execution on the mobile front end digital audio and digital video capturing device of an additional custom recording software application that is configured to record digital audio and digital video material as a complete file to a local storage memory," and "wherein at least one host back end application server records the digital audio and digital video material securely streamed from the mobile front end digital audio and digital video capturing device."

34.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Vidyo requests a declaration by the Court that Vidyo has not infringed and does not infringe, either directly or indirectly, under any theory of infringement, any claim of the '855 Patent.

## COUNT VIII

### DECLARATION REGARDING NON-INFRINGEMENT OF THE '833 PATENT

35.     Vidyo incorporates by reference Paragraphs 1-34 above.

36.     Based on Counterclaim Defendant's filing of this action and at least Vidyo's First Affirmative Defense, an actual controversy has arisen and now exists between the parties as to whether Vidyo infringes the '833 Patent.

37.     Vidyo does not infringe at least Claim 1 of the '833 Patent because, among other things, Plaintiff has not stated a plausible allegation that any system employed by Vidyo practices: "[a] method for network-based recording and delivery of digital audio and digital video material, the method comprising: recording, over a packet-based network connection, at a host back end, digital audio and digital video material that originates from a user front end without using any recording software installed on the user front end," "wherein the recording is accomplished using only executable code delivered to the user front end from the host back end and a recording device on the user front end," "storing the recorded digital audio and digital video material at the host back end," "generating code associated with the stored digital audio and digital video material to facilitate accessing the stored digital audio and digital video material," and "enabling the generated code to be activated at an additional location, wherein activating the generated code provides access to the stored digital audio and digital video material."

38.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Vidyo requests a declaration by the Court that Vidyo has not infringed and does not infringe, either directly or indirectly, under any theory of infringement, any claim of the '833 Patent.

## COUNT IX: DECLARATION REGARDING INVALIDITY

39.     Vidyo incorporates by reference Paragraphs 1–38 above.

40.     Based on Counterclaim Defendant's filing of this action and at least Vidyo's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the Asserted Patents.

41.     The claims of the Asserted Patents are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent App. Pub. No. 2002/0056123 to Liwerant, entitled "Sharing a streaming video," and U.S. Patent App. Pub. No. 2004/0225728 to Huggins, entitled "Network and communications system for streaming media applications."

42.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Vidyo requests a declaration by the Court that the claims of the Asserted Patents are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, Vidyo asks this Court to enter judgment in Vidyo's favor and against Counterclaim Defendant by granting the following relief:

a)      a declaration that Vidyo does not infringe any valid claim of the Asserted Patents;

b)      a declaration that the claims of the Asserted Patents are invalid;

c)      a declaration that Counterclaim Defendant take nothing by its Complaint;

d)      judgment against Counterclaim Defendant and in favor of Vidyo;

e)      dismissal of the Complaint with prejudice;

f)      a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Vidyo of its costs and attorneys' fees incurred in this action; and

g)      further relief as the Court may deem just and proper.

## JURY DEMAND

Vidyo hereby demands trial by jury on all issues so triable.

Dated: February 10, 2022                     FISH & RICHARDSON P.C.

                                             By: */s/ Jeremy D. Anderson*
                                             _____
                                                  Jeremy D. Anderson (#4515)
                                                  222 Delaware Ave., 17th Floor
                                                  P.O. Box 1114
                                                  Wilmington, DE 19801
                                                  (302) 652-5070 (Telephone)
                                                  janderson@fr.com

                                                  Neil J. McNabnay
                                                  Michael Vincent
                                                  Nan Lan
                                                  Texas Bar No. 24121711
                                                  1717 Main Street, Suite 5000
                                                  Dallas, TX 75201
                                                  (214) 747-5070 (Telephone)
                                                  mcnabnay@fr.com
                                                  vincent@fr.com
                                                  lan@fr.com

                                             **ATTORNEYS FOR DEFENDANT
                                             VIDYO, INC.**